IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEQUILA SMITH and CORETTA VAN DYKE, as Co-Independent Administrators for the Estate of LEEVON SMITH, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO and OFFICER PRECIOUS DUNN, <br><br> Defendants. | No. 23 C 3764 <br><br> Jeffrey T. Gilbert <br> United States Magistrate Judge |

## ORDER

This matter is before the Court on Defendant Dunn's 36(a)(6) Motion to Overrule Plaintiffs' Objections to Specific Requests and Compel Answers and for Relief Under Fed. R. Civ. P. 37(a)(5) ("Motion") [ECF No. 50]. For the reasons discussed below, the Motion is granted in part and denied in part.

## Background

As Co-Independent Administrators for the Estate of Leevon Smith, Coretta Van Dyke and Tequila Smith ("Plaintiffs") filed this lawsuit against Defendants City of Chicago and Officer Precious Dunn, arising from Officer Dunn's shooting of Mr. Smith. Defendant Dunn says that the shooting occurred when Mr. Smith tried to rob her and take her gun while she was off duty on the sidewalk outside her home. The incident is captured on video from third-party security cameras which have been produced in discovery. Before succumbing to his injuries, Mr. Smith was interviewed on video by Chicago police detectives from his hospital bed, and he made various statements during the interview relating to the event at issue in this lawsuit. The interview video also has been produced in discovery.

The content of Mr. Smith's interview is the subject of the requests for admission at issue in the Motion. On March 28, 2024, Officer Dunn served 32 requests for admission on Plaintiffs pursuant to Federal Rule of Civil Procedure 36. On April 29, 2024, Plaintiffs responded to the requests for admission [ECF No. 50-3] and then provided amended responses on May 2, 2024, asserting the following in response to each request: "Objection. Leevon Smith did not waive his Miranda Rights." Plaintiff's Amended Answer to Requests for Admission, [ECF No. 50-1]. Defendant Dunn filed the present Motion asking the Court to overrule Plaintiffs' objections to the requests

1

for admission and to compel them to respond in accordance with Rule 36. She also has requested her attorney's fees for having to file this Motion.

## Analysis

Pursuant to Federal Rule of Civil Procedure 36, an answering party can answer a request for admission or object to it. FED. R. CIV. P. 36(a)(4) and (a)(5). Unlike in a deposition or in response to an interrogatory, an answer to a Rule 36 request must either: (1) admit the matter; (2) deny the matter; or (3) "state in detail why" the party "cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). If lack of knowledge or information is asserted as a reason for not admitting or denying the request, the answering party must state, after reasonable inquiry, that "the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). The requesting party can challenge the sufficiency of an answer or objection, as Defendant Dunn has done here. FED. R. CIV. P. 36(a)(6). "If challenged, the objecting party bears the burden of justifying its objections." *LKQ Corp. and Keystone Automotive Indus., Inc.*, 2023 WL 2429010, at *1 (citing *Ag Fur Industrielle Elektronik Agie v. Mitsubishi Intern. Corp.*, 986 WL 8467, at *1 (N.D. Ill. July 31, 1986)); *see also* Wright & Miller, 8B Fed. Prac. & Proc. Civ. § 2263 (3d ed.) ("The burden is on the objecting party to persuade the court that there is a justification for the objection.").

Here, Plaintiffs do not admit or deny the requests for admission. Instead, Plaintiffs assert a blanket objection to all the requests on the ground that Mr. Smith did not waive his *Miranda* rights. *See* [ECF No. 50-1] ("Objection. Levon Smith did not waive his Miranda Rights."). Plaintiffs presumably are referring to the Supreme Court case of *Miranda v. Arizona*, 384 U.S. 436 (1966). Defendant Dunn argues that Plaintiffs' blanket response to the requests for admission asserting Mr. Smith's *Miranda* rights is not a proper response or objection as required by Rule 36. Defendant also argues that Plaintiffs do not have standing to assert Mr. Smith's personal constitutional privilege as an objection to the requests for admission.[1]

The Court agrees with Defendant Dunn at least in part. Plaintiffs' declaration about Mr. Smith's constitutional privilege could be a proper response to a Rule 36 request for admission if it is construed generously as an explanation of why Plaintiffs can neither admit nor deny the request, assuming Plaintiffs have standing to invoke

---

[1] The Court notes that some of Defendant Dunn's requests for admission are problematic for other reasons. For example, Request for Admission No. 3 states: "In the recorded conversation between Leevon Smith and Detective Szwedo ("Det. Szwedo") on January 19, 2023. produced as DEF CITY 000352 at 0:49 -2:40, Leevon Smith waived his Miranda rights." This may not be a proper request for admission because it seeks a legal conclusion. The law is clear that requests for admission may not be used to establish legal conclusions. *Sommerfield v. City of Chicago*, 251 F.R.D. 353, 355 (N.D. Ill. July 21, 2008) (citing 7 Moore's Federal Practice, § 36.10[8] (3rd ed. 2006)).

Mr. Smith's personal constitutional rights. The Court agrees with Defendant Dunn, however, that Plaintiffs do not have standing to invoke the Fifth Amendment on behalf of Mr. Smith because that personal constitutional privilege expired upon Mr. Smith's death.

Plaintiffs do not appear to respond to Defendant's standing argument on the merits. It is well-settled law, however, that "the Fifth Amendment privilege is a personal privilege." *Couch v. United States*, 409 U.S. 322, 328 (1973). An individual may invoke his or her Fifth Amendment right and refuse to answer a question if answering the question could subject him/her to criminal prosecution. *In re High Fructose Corn Syrup Antitrust Litigation*, 295 F.3d 651 (7th Cir. 2002). In this case, however, Mr. Smith is deceased, so he no longer faces a threat of criminal prosecution or self-incrimination. Defendant Dunn cites a case from the Fifth Circuit, *Whitehurst v. Wright*, 592 F.2d 834 (5th Cir. 1979), in which the Circuit Court held: "After death, one is no longer a person within our constitutional and statutory framework and has no rights of which he may be deprived." 592 U.S. at 840. Plaintiffs do not offer any response to the cases cited by Defendant Dunn.

In the Court's view, therefore, Plaintiffs' (and Defendant Dunn's) focus on whether Mr. Smith did or did not knowingly and intelligently waive his Fifth Amendment privilege when he was questioned by a police officer in his hospital bed after he was shot by Defendant Dunn is misplaced. The Court does not have to determine if Mr. Smith knowingly and intelligently waived his *Miranda* rights at this time. It only needs to decide whether Plaintiffs' objections to Defendant Dunn's requests for admission are proper. The Court concludes they are not because Plaintiffs do not have standing to raise them. Even construed as an explanation of why Plaintiffs cannot admit or deny the requests for admission, Plaintiffs' declaration about Mr. Smith's *Miranda* rights is improper because those personal constitutional rights no longer exist and cannot form the basis of an objection to a Rule 36 request for admission as a matter of law. Therefore, the Court finds that Plaintiffs' responses do not comport with Rule 36, and their objections are overruled.

## Conclusion

For these reasons, Defendant Dunn's 36(a)(6) Motion to Overrule Plaintiffs' Objections to Specific Requests and Compel Answers and for Relief Under Fed. R. Civ. P. 37(a)(5) [ECF No. 50] is granted to the extent that Plaintiffs' objections are overruled because they do not comply with Federal Rule 36(a)(4). Plaintiffs must answer the requests for admission in accordance with Rule 36. They shall do so by October 14, 2024.

As to Defendant Dunn's request for an award of attorney fees under Federal Rule 37(a)(5), the Court in its discretion denies that request and will not award any fees to Defendant Dunn for having to file the Motion. The Court understands Plaintiffs' counsel's reluctance to concede a waiver of Mr. Smith's Fifth Amendment

3

rights in the context of responding to Defendant Dunn's requests for admission to Plaintiffs as the co-independent administrators of Mr. Smith's estate. The Fifth Amendment is a bedrock principle of our constitutional democracy, and a lawyer rightly exercises caution when the privilege may apply. Here, the Court has determined that it does not apply as a matter of settled law. Plaintiffs' counsel could have relied on that law in responding to the requests for admission but opted instead to await a court order. Under the circumstances of this case, the Court is unwilling to say that is sanctionable conduct.

      It is so ordered.

                                                         Jeffrey T. Gilbert
                                                         United States Magistrate Judge

Dated: September 23, 2024